

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 29, 1957

This Opinion
Overrules Opinion
#. V-803
O-78

Honorable R. M. Dixon, Chairman
Board of Water Engineers
Austin, Texas

Dear Sir:

Opinion No. WW-188

Re: Exemptions from payment of
statutory fees by applicants
before the Board of Water
Engineers; and Board authority
to use part of $250.00 money
deposit for travel and investi-
gation expenses.

We quote from your request for an opinion as follows:

"Attorney General's Opinion No. V-803, dated April 4,
1949, discussed at great length the fees that need not be
paid to the Board of Water Engineers by public agencies
such as the Brazos River Authority, Lower Colorado River
Authority, Upper Colorado River Authority and others. This
Opinion No. V-803 referred to past opinions of the Depart-
ment and overruled two of them, holding in effect, as we
interpret it, that Districts established pursuant to Section
59, Article XVI of the Constitution are created to accomplish
a public purpose and should be exempt from paying fees to
the State.

"As you know, many river authorities covering entire
watersheds, and special districts covering more limited
areas, have been and will be created by the Legislature.
In addition, water control and improvement districts and
other types of water districts are being and will be created
by this Board, by County Commissioners' Courts, and, in
rare instances, by the governing bodies of municipal corpora-
tions (Article 7880-135, V.C.S.). Such districts derive their
constitutional authority from either Section 52 of Article III
or Section 59 of Article XVI, although the latter is now the
constitutional authority most frequently employed. Such
districts and river authorities are tendering applications
for water permits and presentations which Articles 7532 and

7497, respectively, require shall be accompanied by certain specified fees. Quite naturally, the representatives of these agencies raise the question of their liability for payment of statutory fees.

"Based upon the foregoing, your opinion is respectfully requested as to the following:

"1. Are all river authorities and the various types of water districts created by the Legislature exempt from the payment of all statutory fees required to be collected by this Board for the benefit of the State? If not, please list those which are not exempt.

"2. Are water districts created by lawful means other than by the Legislature exempt from the payment of all statutory fees required to be collected by this Board for the benefit of the State?

"3. Are municipal corporations, when acting in the public interest to develop a water supply, exempt from the payment of all statutory fees required to be collected by this Board for the benefit of the State?

"4. Are other political subdivisions of the State such as county governments and soil conservation districts, when applying for water appropriation permits or tendering presentations having as their object the conservation and development of the water resources of the State for public purposes, exempt from the payment of all statutory fees required to be collected by this Board for the benefit of the State?

"In view of the fact that briefing the above-raised issues will require a complete study of the question of fees collected by this Board, we also request a re-analysis of Attorney General's Opinion No. S-14, dated March 2, 1953, in which it was determined that the $250.00 deposit paid as required by Article 7880-21 could not be used except for certain designated purposes. Board policy now requires an investigation of the area seeking creation of a water control and improvement

district. Is it still the opinion of your office that none of the $250.00 money deposit can be used for travel and investigation expenses necessarily incurred in proceedings to create such a district?"

The question of payment of fees to the Board of Water Engineers by governmental agencies has been reviewed in many prior opinions by this office. A brief summary of each opinion is as follows:

1. Letter opinion dated June 30, 1925, addressed to the Game, Fish and Oyster Commission, decided that the Commission need not pay the statutory fees in order to acquire a permit to appropriate water for the purpose of maintaining a game preserve and fish hatchery. The basis of the opinion is that since game, fish, water and permit fees are all the property of the State, and since the fees statutes do not expressly require the Commission to pay the fees, none need be paid.

2. Letter opinion dated January 3, 1938, addressed to the Board of Water Engineers decided that the Federal Farm Security Administration had to pay the mandatory fees since the fees were not taxes so as to forgive payment thereof by the Federal Government.

3. Letter opinion dated March 8, 1938, addressed to the Brazos River Conservation and Reclamation District, holds said district exempt from the fees in question. This holding is based on the fact that "the entire enterprise is an undertaking by the State to conserve its public waters and to utilize same for the benefit of the State in its entirety . . . the fees are not required."

4. Letter opinion dated May 4, 1938, addressed to Upper Red River Flood Control and Irrigation District holds such district not liable for the fees. This opinion pointed out again that the district was a State agency exercising powers and privileges in furtherance of governmental purposes and in addition stated that one department of government is not required to pay another department a license or privilege tax since this would be merely paying the revenue of the State into the revenue of the State.

5. Letter opinion dated May 13, 1938, addressed to the Board of Water Engineers, overrules the opinion of May 4, 1938, and holds the Upper Red River Flood Control and Irrigation District liable for the fees. Earlier opinions were reviewed and the Game, Fish and Oyster Commission and Brazos District opinions approved. The Brazos opinion was approved

on the basis that the net revenue of the Brazos District ultimately find their way into the General Revenue as do the fees collected by the Board of Water Engineers. Because the Upper Red River District's Act did not contain this net revenue provision, it was held liable for the fees.

6. Opinion No. 0-78 dated January 13, 1939, addressed to the State Parks Board, holds such Board not liable for the fees. This opinion reviews all prior opinions and adopts as its basis the above indicated fee theory whereby such Board need not pay the statutory fees, since its revenues go into and come out of a State fund.

7. Opinion No. 0-4304, approved February 9, 1942, addressed to the Lower Colorado River Authority, holds that that Authority is not liable for payment of the statutory fees. The opinion was based on the inability of the Authority to spend its funds for any but a statutory purpose. It decided that the Authority acquires no right through such a permit, since its right to appropriate was conferred by its act, and that payment of the fees in order to secure a permit would be use of its funds for a non-statutory purpose. The earlier opinions on this subject were not discussed, even though neither the Upper nor Lower Colorado Acts contain a provision whereby net revenues go into the General Fund.

8. Opinion No. 0-7338, approved August 9, 1946, addressed to the Upper Colorado River Authority, reached the same result and for the same reason as that set forth in Opinion No. 0-4304 above.

9. Opinion No. V-803, approved April 4, 1949, addressed to the Board of Water Engineers, reviews all prior opinions and withdraws Opinion No. 0-4304 and Opinion No. 0-7338, which had held that the Authorities acquired no right through a permit, since their right to appropriate was conferred by the Acts creating them. This opinion holds that the Colorado Districts are exempt from payment of the statutory fees even though no provision in the Colorado Acts provides for turning net revenues to the General Fund, as provided in the Brazos Act. The basis of the opinion was that the Colorado and Brazos Districts were created pursuant to Section 59, Article XVI, of the Constitution, and under no circumstances would they be authorized to produce a profit over and above constitutional and statutory costs, therefore, no distinction should be made.

We have carefully studied the prior opinions on this subject and are unable to agree with the conclusions reached by them as to exemption from payment of statutory fees by certain governmental agencies.

The fees required by Article 7532 and Article 7497 are mandatory, and like all mandatory fees, they must be collected by the Board from each applicant, unless such applicant is expressly exempt. No exemption whatsoever is provided under Article 7532 or Article 7497, and none can be read into the statute. No mention of exemption from payment of fees is found in the Legislative Acts creating the various river authorities and water districts, nor is authority for such an exemption found in Section 59, Article XVI, of the Texas Constitution.

The Legislature can provide for an exemption as to payment of certain statutory fees by governmental agencies and often has enacted such a provision. An example of this is found in the Fee Enumeration Statute, Article 3913, which provides:

". . ., provided neither of said officers shall demand
nor collect any fee from any officer of the State for copies
of any papers, documents or records in their offices, or
for any certificate in relation to any matter in their offices,
when such copies are required in the performance of any
of the official duties of such office. . . ."

We are of the opinion that since no such exemption was provided as to fees of the Board of Water Engineers, the Board must charge and collect for the benefit of the State all of the fees provided for under Article 7532 and Article 7497, V.C.S., irrespective of who the applicant may be, including river authorities and water districts created by Legislative Act or under statutory proceedings. We therefore withdraw Opinion No. O-78, and Opinion No. V-803, and the prior letter opinions and substitute instead this opinion.

With reference to your request that this office reconsider Attorney General's Opinion No. S-14, dated March 2, 1953, we wish to advise you that it is still the opinion of this office that no part of the $250.00 deposit paid as required by Article 7880-21 can be used for travel and investigation expenses incurred in the investigation of an area seeking to create a water control and improvement district. Such expenses can only be incurred under authority of Article 7477(10), V.C.S., which provides:

"The members, Chief Engineer, and other employees
of the Board shall be entitled to receive from the State their
necessary traveling expenses while traveling on the business
of the Board, upon an itemized statement, sworn to by the
party who incurred the expense, and approved by the Board."

The Appropriation Bill passed by the last session of the Legislature, Vernon's Texas Session Law Service, 1957, p. 1085, provides the sum of $25,000.00 for each of the next two years for payment of such expenses by the Board.

## SUMMARY

All applicants, including governmental agencies, must pay the statutory fees required under Article 7532 and Article 7497, V.C.S. The Board of Water Engineers may not use any of the $250.00 money deposit required under Article 7880-21, V.C.S., for travel and investigation expenses incurred in the investigation of an area seeking to create a water control and improvement district.

Very truly yours,

WILL WILSON
Attorney General of Texas

By
Edward A. Cazares
Assistant

EAC:tiw

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman

James N. Ludlum

REVIEWED FOR THE ATTORNEY GENERAL
BY: Geo. P. Blackburn